**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                                                       **Case No.: 2:93-CR-44 (1)
JUDGE SMITH**

**VINCENT L. WATKINS,**

                                                                      *Date of Original Judgment:*
        **Defendant.**                                 *September 16, 1993*

### ORDER

This matter is before the Court on the Defendant's Motion to Reduce Sentence, pursuant to 18 U.S.C. §3582(c)(2), in an "Agreed Disposition Case." (Doc. 146). Defendant also filed a *pro se* motion for reduction of sentence. (Doc. 145). Defendant was originally sentenced on September 15, 1993 to life imprisonment on Count 1 and 60 months on Count 2 to run concurrent with Count 1, after being found guilty of conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base. Defendant's sentencing range was life to life based on a total offense level of 43 and a criminal history IV.

Defendant's offense level was previously reduced from a 43 to a 40 based on the Fair Sentencing Act of 2010, and his sentence was reduced from life to 360 months. (*See* Doc. 144).

On November 1, 2014, the United States Sentencing Commission promulgated Guideline Amendment 782, which reduced by two levels the offense levels assigned to the drug quantities set forth in §2D1.1 of the United States Sentencing Guidelines, as well as parallel changes for the listed chemicals found in §2D1.11. Defendants who are currently imprisoned for these drug offenses are eligible for retroactive application of the guidelines as long as they meet certain eligibility criteria.

Counsel for the government, defense counsel, and representatives of the United States Probation Department have met and are in agreement that Defendant meets the Sentencing Commission's eligibility requirements for the retroactive application of Amendment 782 to his case.  After considering the original guideline range, the extent of any downward departure, the circumstances of Defendant's case, and his behavior while incarcerated, the parties jointly recommend a reduction of Defendant's sentence from 360 months to 324 months.

Whether to grant a reduction of sentence pursuant to §3582(c)(2) is within the discretion of the court.  *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997).  In considering whether a reduced sentence is appropriate, this court must consider the factors in 18 U.S.C. §3553(a) to the extent that they are applicable.  *See* §3582(c)(2).

Upon consideration of Defendant's motion, the statutory sentencing factors set forth in §3553(a), and the joint recommendation of the parties, the Court concludes that Defendant's offense level should be reduced from a 40 to a 38, which yields a new advisory guideline range of 324 to 405 months.  Therefore, a reduction of Defendant's term of incarceration is appropriate in light of the reduction in the applicable guideline range.  The sentence of 360 months incarceration previously imposed in this case is hereby reduced to a term of incarceration of 324 months.  Under Amendment 782, Defendant's release date shall be no earlier than November 1, 2015.  Except as provided above, all other provisions of the judgment previously entered in this case shall remain in effect.

The Clerk shall remove Documents 145 and 146 from the Court's pending motion's list.

**IT IS SO ORDERED.**

   /s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

*Order Date:    April 16, 2015*

*Effective Date: November 1, 2015*